## Commonwealth *v.* Hooper.

*Criminal law—Motion to quash indictment.*

There was no error in refusing to quash an indictment because the tran-
script did not show that the warrant was based on information subscribed
to, where the transcript does show that the defendant was arrested and
brought before the mayor for a hearing charged upon oath, etc., and that
after hearing he entered bail.    This was sufficient to raise the presump-

tion on the hearing of a motion to quash that the information was duly made and sworn to.

An indictment will not be quashed on the ground that defendant was not compelled to appear for trial until the June sessions, when in fact he did appear at the March sessions, pleaded to the indictment without prejudice, and declined to move for a continuance.

Argued Oct. 2, 1900. Appeal, No. 118, Oct. T., 1900, by defendant, in suit of Commonwealth of Pennsylvania against James Hooper, from sentence of Q. S. Delaware Co., March Sessions, 1900, No. 117, on verdict of guilty. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Selling liquor without a license. Before JOHNSON, P. J.

The facts sufficiently appear from the charge of the court below and its opinion overruling motion to quash.

The defendant was tried March 13, 1900, on the above indictment, charging him with the sale of liquor without a license, and convicted.

The first day of the March sessions was March 5. The defendant had a hearing before the magistrate March 6, and was bound over to appear at the "next court of quarter sessions."

The indictment was found on March 9, 1900, and when the case was called for trial on March 13, counsel for defendant moved to quash the indictment on the ground that the transcript did not show any information subscribed to, and because the defendant was not bound to appear for trial until the June sessions, which it was claimed was the "next court of quarter sessions."

The court overruled the motion to quash, but informed the defendant that if he desired it, the case would be continued to the June sessions.

The defendant declined to ask for a continuance, pleaded "not guilty without prejudice," and went to trial.

After conviction a motion in arrest of judgment was granted.

Should this indictment have been quashed? The objection that the transcript did not show that the information was subscribed to is settled by the case of Commonwealth v. Brenan, 193 Pa. 567, the court saying, per curiam, November 6, 1899:

"The defendant was tried upon an indictment found regu-

larly by the grand jury upon examination of witnesses after information made before a magistrate. A trial was had upon the merits, and the defendant was duly convicted of murder of the first degree. On the trial a motion was made to quash the indictment because it was not found after an information sworn to and subscribed before the committing magistrate. While the defendant might have been heard on that subject upon a proceeding to be discharged from custody on the ground of an illegal commitment, it is certainly too late after indictment found upon the trial of the cause. The finding of the indictment cannot be invalidated for any such reason."

The transcript in the case, however, says the "defendant was arrested on a warrant and brought before the mayor for a hearing, charged upon the oath of Edward Vandegrift," etc.

The magistrate did not return the affidavit upon which the warrant issued at the time of returning his transcript, but it was afterward brought into court. It was in writing and subscribed to, so that in point of fact there was an information sworn and subscribed to as the constitution provides.

We are not disposed to look at the other objection with favor. Whether he was bound to appear at the March term we do not decide. The fact is that he voluntarily appeared, and when the case was called for trial declined to accept a continuance to the June sessions.

He elected to go to trial and is bound by it.

Motion to quash overruled.

Verdict of guilty and sentence thereon. Defendant appealed.

*Errors assigned* were (1) in attempting to take jurisdiction of the case at March term. (2) In refusing to quash the indictment.

*John E. McDonough*, for appellant.—For the purpose of simplifying the argument, all of the assignments of error in the case are abandoned, except such as go to this proposition, viz: that the court of quarter sessions of Delaware county was without jurisdiction to try the defendant on March 13, 1900, or grant him a continuance: Act of May 8, 1854, P. L. 678; Com. v. Somers, 14 Pa. C. C. R. 159.

*W. I. Schaffer* and *Josiah Smith*, district attorney, for appellee.

PER CURIAM, October 22, 1900 :

The defendant moved to quash the indictment for two reasons, first, because the transcript did not show that the warrant was based on an information subscribed to ; second, because he " was not bound to appear for trial until the June session."

The first objection cannot be sustained. The transcript shows that the defendant " was arrested and brought before the mayor for a hearing charged upon the oath of Edward Vandegrift," etc., and that after hearing the defendant entered bail for his appearance at court. This was sufficient to raise the presumption on the hearing of a motion to quash that the information was duly made and sworn to. Moreover the information was brought into court and was in due form.

The second reason goes to the question of the duty of the defendant " to appear for trial " at March sessions. Grant that he could not have been compelled to appear and that his recognizance could not have been forfeited if he had not appeared, he nevertheless did appear and was offered a postponement of the trial until the term at which, according to his own contention, it was his duty to appear and plead. He declined this offer and pleaded to the indictment, " without prejudice " it is true, but nevertheless he pleaded the general issue. If he had refused both to plead and to move for a continuance, a different question would be presented. Under the circumstances his complaint that he ought not to have been tried until June sessions is without merit of any kind.

The judgment is affirmed and the record is remitted to the court below to the end that the sentence be fully carried into effect.